2005 OK 61

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Cameron W. MARTIN, Respondent.**

**SCBD No. 4808.**

Supreme Court of Oklahoma.

Sept. 13, 2005.

### ORDER

WATT, Chief Justice.

¶1 Upon consideration of (1) respondent's affidavit, prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, by which a request is made that he be allowed to relinquish his license to practice law (*cum* membership in the Oklahoma Bar Association [Bar]) and (2) complainant's application for order approving resignation be granted,

¶2 **THE COURT FINDS AND HOLDS:**

¶3 1. During the pendency of disciplinary proceedings against him Cameron W. Martin [respondent] offered, on 20 June 2005, to surrender his license to practice law and to resign from Bar membership.

¶4 2. Respondent's act of surrender and resignation was freely and voluntarily made without coercion or duress. Respondent is fully aware of the legal consequences that will flow from his resignation.

¶5 3. Respondent is aware of pending investigations by the Bar's general counsel into grievances made against him. If proven, these grievances would constitute

violations of Rules 1.3, 1.4 and 5.2, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, of Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16, 3.2, 8.1(b), and 8.4, Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch.1.App. 3–A, as well as of his oath as a licensed Oklahoma lawyer.

¶ 6    4. The grievances contain these client allegations:

### Count I

Respondent neglected, failed to communicate with and failed to provide competent service to his client, Shawn Hopkins. The matter—a child custody modification—remains unfinished.

### Count II

Respondent failed to respond to the complainant's correspondence into the investigation of grievances made by Marilyn Kirk and Shawn Hopkins as required by Rule 5.2, RGDP. Subpoenas were served on the respondent and depositions scheduled in these matters. Although respondent's request for a continuance of the depositions was granted by complainant, respondent failed to provide an agreed-upon, although late, response and failed to appear for the scheduled depositions.

### Enhancement

Respondent failed to respond to correspondence from complainant concerning a grievance as required by Rule 5.2, RGDP. A subpoena was issued, and respondent's deposition was taken in order to obtain a response to the grievance. Respondent received a private reprimand from the Professional Responsibility Commission (PRT) on 30 August 2002.

### Count III

Because respondent failed to attend a previously scheduled hearing, his client's application for contempt against an ex-spouse was dismissed. His client, Cleo Broomhall, paid respondent an additional fee to re-initiate the application for the contempt process. Respondent has failed to communicate with his client and to respond to the grievance. Certified mail has been returned to complainant, marked "unclaimed." A subpoena was issued to depose respondent concerning this matter but service of process could not be accomplished.

### Count IV

Respondent neglected, failed to communicate with and failed to provide competent service to Franklin Wilborn, his client in a workers' compensation cause. Respondent has failed to respond to complainant's inquiries concerning the grievance filed by the client. Certified mail sent to him has been returned, marked "unclaimed." A subpoena was issued but service of process could not be accomplished.

### Count V

Respondent neglected, failed to communicate with and failed to provide completed services to Wilma Carpenter, his client in a probate action. Respondent has failed to respond to complaint's inquiries into the grievance filed by Carpenter and the formal investigation of the matter.

### Count VI

Respondent represented client, John Massey, in a criminal matter and a workers' compensation claim. He settled the latter for $26,500.00. Both parties signed the proceeds check which was then deposited in respondent's attorney trust account. Following this deposit, the balance in respondent's trust account was $28,913.29. Respondent then wrote a check payable to his client for $21,200.00 (the amount client was to receive after his attorney fee had been deducted). Because Massey was incarcerated before he could deposit the check, he directed respondent to place the proceeds in an interest-bearing account to be used on his behalf and that of Massey's daughter, who was to begin college shortly. Respondent wrote a check for $1,171.65 to cover dental expenses for Massey's daughter. He made withdrawals from his trust account totaling $1,381.91 on Massey's daughter's behalf. Checks made to Massey's daughter totaled $2,553.56. Respondent, after this time, failed to return Massey's phone calls and to provide further funds to Massey or his daughter. Respondent's trust account became overdrawn and was closed for insufficient funds. Respondent has failed to respond to com-

plaintant's inquiries into the grievance filed by the client.

Enhancement

On 3 July 2003 respondent was suspended from the Oklahoma Bar Association for failure to pay dues and failure to complete his Continuing Legal Education requirements.

¶7 5. Respondent waives any and all of his rights to contest the allegations outlined in his affidavit on file in this cause.

¶8 6. Respondent recognizes, understands and agrees that he may not apply for reinstatement of his legal license (and of his membership in the Bar) before the expiration of five (5) years from the effective date of this order.

¶9 7. Respondent agrees to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and acknowledges that his license to practice law may be reinstated only upon compliance with the conditions and procedures prescribed by Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A.

¶10 8. Respondent acknowledges that his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made or to be made because of his actions.

¶11 9. Costs of this proceeding have been expressly waived by the complainant.

¶12 10. Respondent's resignation during the pendency of disciplinary proceedings is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A.

¶13 11. Respondent's name and address appear on the official bar roster as:

Cameron W. Martin, 1445 E. 33rd St., Tulsa, OK 74105.

¶14 **THE COURT THEREFORE ORDERS THAT** the *resignation* of Cameron W. Martin, tendered during the pendency of disciplinary proceedings, *stands approved;* the respondent's name is stricken from the Roll of Attorneys and he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five (5) years from the date of this order; repayment to the Client Security Fund for any money disbursed (or to be disbursed) because of respondent's conduct shall be a condition of respondent's reinstatement; respondent shall comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A; and the complainant's waiver of costs in this cause stands approved.

¶15 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 13th DAY OF SEPTEMBER, 2005.**

All Justices Concur.